UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Stephen Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| Hewitt Machine and Manufacturing, | ) | |
| Inc. and Lawrence Hewitt | ) | |
| | ) | **Demand for Jury Trial** |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Stephen Johnson, by and through his attorney, for his Complaint against Defendants Hewitt Machine & Manufacturing, Inc. ("Hewitt Machine") and Lawrence Hewitt ("Hewitt" and, together with Hewitt Machine, the "Defendants"), alleges as follows:

**THE PARTIES**

1. Plaintiff Johnson is an individual having a principal residence in Brainerd, Minnesota. Johnson is the owner of U.S. patents 6,767,004 and 7,377,485, by assignment.

2. Defendant Hewitt Machine is a Minnesota corporation, with a principal place of business at 709 Hwy. 14 W, Nicollet, MN 56074 and a registered address of PO Box 111, Nicollet, MN 56074.

3. Upon information and belief, Defendant Hewitt Machine also does business and markets products under the name Shore Commander.

1

4. Upon information and belief, Defendant Hewitt is an individual having a principal residence at 706 Ash St, Nicollet, MN 56074-2044. Upon information and belief, Hewitt is the President and controlling shareholder of Hewitt Machine.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. Sec. 271 and 285. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. §§ 2201 and 2202.

6. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

7. This Court has personal jurisdiction over the defendants because, on information and belief, defendants transact business in Minnesota and solicit business in this judicial district.

## FACTUAL ALLEGATIONS

8. On or about May 10, 2010, The Initiative Foundation, a Minnesota Non-Profit Corporation, executed a Patent Assignment to Plaintiff assigning patent rights under U.S. Patent 6,767,004 (the "004 Patent") to Plaintiff. The Plaintiff has owned all rights under the 004 Patent since May 10, 2010 and continues to own such rights. A copy of the Patent Assignment and Bill of Sale from The Initiative Foundation to the Plaintiff is attached as EXHIBIT 1. Said Patent Assignment was duly filed in the records of the U.S. Patent and Trademark Office ("USPTO") on or about June 17, 2010. A copy of the Patent Assignment Abstract of Title from the USPTO is attached as EXHIBIT 2.

9. U.S. Patent 6,767,004 was granted by the USPTO on or about July 27, 2004.

10. On or about July 23, 2010, Commander Products, LLC, a Minnesota limited liability company, executed a Patent Assignment to the Plaintiff assigning patent rights under

U.S. Patent 7,377,485 (the "485 Patent" and, together with the 004 Patent, the "Patents"). The Plaintiff has owned all rights under the 485 Patent since July 23, 2010 and continues to own such rights. A copy of the Patent Assignment from Commander Products, LLC to the Plaintiff is attached as EXHIBIT 3. Said Patent Assignment was duly filed in the records of the U.S. Patent and Trademark Office on or about July 23, 2010. A copy of the Confirmation Receipt from the USPTO is attached as EXHIBIT 4.

11. U.S. Patent 7,377,485 was granted by the USPTO on or about May 27, 2008.

12. Upon information and belief, Defendants have been actively marketing products, both through Defendants' websites and through other means, infringing on the Patents since a time prior to the Plaintiff's purchase of the Patents.

13. Defendant Hewitt Machine is the registered owner of the domain name Shorecommander.com. A copy of search results of the Network Solutions domain name database file for shorecommander.com is attached as EXHIBIT 5.

14. The shorecommander.com website states that business address is PO Box 111, Nicollet, MN 56074 which is the same address that is listed as the registered office of Defendant Hewitt Machine with the Minnesota Secretary of State.

15. In photographs of the "Direct Drive System" on the shorecommander.com website, the registration numbers of each of the Patents are clearly visible on the "Direct Drive System". Copies of photographs from the shorecommander.com website are attached as EXHIBIT 6.

16. Upon information and belief, the "Hewitt[2] Direct Drive" marketed on Defendants' website hewitt-roll-a-dock.com is the exact same product as the "Direct Drive System"

being marketed on the shorecommander.com website.  A screenshot of such webpage is attached as EXHIBIT 7.

17. Both the "Direct Drive System" and the Hewitt$^2$ Direct Drive" are based upon technology subject to the Plaintiff's Patents.

18. Upon information and belief, Defendants have been selling and are continuing to sell the "Direct Drive System" and the "Hewitt$^2$ Direct Drive" products on the open market without paying royalties to Plaintiff, and will continue to do so unless enjoined by this Court.

19. Upon information and belief, Defendants have never entered into any license or other contractual arrangement with the Plaintiff or any previous owner of either Patent allowing the manufacture or sale of products using technology claimed in either Patent, and are now continuing their infringement of the Plaintiff's rights to all such technology.

20. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

21. In or about August 2010, Plaintiff contacted Defendants repeatedly to discuss the grant of a license for the Patents from Plaintiff to Defendants.  Plaintiff first contacted Defendant Lawrence Hewitt's son, Troy Hewitt, informing him of the potential patent infringement of Defendants' products and requesting a meeting with him and his father to discuss licensing, but the Plaintiff did not receive any response to his request.

22. In or about September 2010, Plaintiff contacted Defendant Lawrence Hewitt directly, informing Defendant Lawrence Hewitt of the potential infringement and requesting a meeting.  Defendant Hewitt rejected Plaintiff's request for discussions and terminated the conversation.

23. As a result of Defendants' actions or omissions, Plaintiff has been damaged in an amount not yet ascertained, but upon information and belief is in excess of $75,000.00, plus interest and attorneys fees.

## COUNT I

### PATENT INFRINGEMENT (004 PATENT)

24. The Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates them by reference.

25. The actions of one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally, including the marketing and sale of items containing technology subject to the 004 Patent, constitute infringement of the 004 Patent in violation of 35 U.S.C. 271(a).

26. The actions of one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally, constitute a willful infringement of the 004 Patent by the Defendants.

## COUNT II

### PATENT INFRINGEMENT (485 PATENT)

27. The Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates them by reference.

28. The actions of one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally, including the marketing and sale of items containing technology subject to the 485 Patent, constitute infringement of the 485 Patent in violation of 35 U.S.C. 271(a).

29. The actions of one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally, constitute a willful infringement of the 485 Patent by the Defendants.

## COUNT III

### DECLARATION OF INFRINGEMENT (004 Patent)

30. The Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates them by reference.

31. This matter involves an actual, substantial and continuing justiciable controversy as to the willful infringement of the 004 Patent by one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally. The controversy is evidenced by the continued unauthorized sale of at least one apparatus encompassed by the claims of the 004 Patent by one or more of the Defendants and by one or more of Defendants' continued acts of inducement to others to infringe the claims of the 004 Patent in violation of 35 U.S.C. 271(b).

## COUNT IV

### DECLARATION OF INFRINGEMENT  (485 Patent)

32. The Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates them by reference.

33. This matter involves an actual, substantial and continuing justiciable controversy as to the willful infringement of the 485 Patent by one or more of the Defendants Hewitt Machine and Hewitt, jointly and severally. The controversy is evidenced by the continued unauthorized sale of at least one apparatus encompassed by the claims of the 485 Patent by one or more of the Defendants and by one or more of Defendants' continued acts of inducement to others to infringe the claims of the 485 Patent in violation of 35 U.S.C. 271(b).

34. Defendants' infringement of the 004 Patent and 485 Patent has caused damage to the Plaintiff in an amount not yet ascertained, but upon information and belief is in excess of $75,000.00, plus interest and attorneys fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment and seeks relief against Defendants as follows:

(A) that Plaintiff be awarded Judgment against Defendants Hewitt Machine and Hewitt, jointly and severally, for infringement of the 004 Patent and the 485 Patent and be awarded damages resulting from infringement of the 004 Patent and the 485 Patent in an amount in excess of $75,000 to be determined at trial.

(B) that the Court enter a declaration that the manufacture, use, offer for sale or sale of the Shore Commander "Direct Drive System" and the Hewitt$^2$ Direct Drive product and such other products as may be shown to infringe the 004 Patent or 485 Patent by one or more of the Defendants infringes the 004 Patent and the 485 Patent.

(C) that Defendants Hewitt Machine and Hewitt and all persons or firms acting in concert with them, jointly and severally, be permanently enjoined from infringing, or inducing the infringement of the 004 Patent or 485 Patent, by the manufacture, use, offer for sale, or sale of any infringing device, including, but not limited to, the Shore Commander "Direct Drive System" and the "Hewitt$^2$ Direct Drive" product;

(D)  that, because of the willful and deliberate nature of the infringement, any damages be trebled, pursuant to 35 U.S.C. §284; and

(E)  that the Court award Plaintiff interest, attorneys' fees, costs and such other relief as the Court deems just and appropriate.

Date:  December 24, 2010

s/ Scott M. Hoffman
Scott M. Hoffman (MN License # 0317020)
1108 Nicollet Mall
Suite 210
Minneapolis, MN 55403
*scottmhoffman@comcast.net*
Telephone:  (612) 333-8225
Facsimile:   (612) 333-5005

ATTORNEY FOR PLAINTIFF